**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000707
08-APR-2015
08:27 AM**

NO. CAAP-12-0000707

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ERLINDA N. OKAMOTO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-12-00769 (HPD NO. 10465320))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Erlinda N. Okamoto (Okamoto) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 31, 2012, in the District Court of the First Circuit, 'Ewa Division (District Court).[1]

Okamoto was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).

On appeal, Okamoto contends[2] the District Court erred by admitting the results of an alcohol breath test performed on an intoxilyzer because (1) the State failed to prove that the intoxilyzer operator met the training requirements of the intoxilyzer manufacturer and the State of Hawai'i Department of Health, (2) that the intoxilyzer was tested in accordance with

---

[1]     The Honorable T. David Woo, Jr. presided.

[2]     Okamoto also includes what appears to be sub-points a-c regarding statements she made to Officers Kiyabu and Min and evidence of the results of a Preliminary Alcohol Screening device. However, as Okamoto fails to provide any argument on these points, we deem them waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

the manufacturer's recommended procedures and was determined to be operating properly on the day in question, and (3) there was no probable cause to arrest Okamoto because her initial seizure was not lawful.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Okamoto's points of error as follows:

(1) and (2)  The District Court did not err by admitting Okamoto's alcohol breath test result into evidence without requiring that the State first establish that the nature and extent of the operator's training meets the manufacturer's and State of Hawai'i, Department of Health's requirements or that the intoxilyzer was tested in accordance with the manufacturer's specification.

"Compliance with the manufacturer specifications is not required to admit breath alcohol test results."  State v. Hsu, 129 Hawai'i 426, 301 P.3d 1267, CAAP-10-0000214 2013 WL 1919514 at *1 (App. May 9, 2013) (SDO), cert. denied (Aug. 20, 2013); see also State v. Werle, 121 Hawai'i 274, 283, 218 P.3d 762, 771 (2009) ("DOH's approval of a testing procedure and instrument for blood alcohol analysis is a 'shortcut' to establishing the reliability . . . as a prerequisite to admissibility . . . provided that the record shows that the DUI coordinator approved the specific blood testing procedure and instrument[.]"). State's Exhibit 2 indicates that the Intoxilyzer 8000 is a breath alcohol testing instrument approved pursuant to HRS § 321-161 (2010), which in turn authorizes the Department of Health to establish and administer a statewide program for chemical testing of alcohol for the purpose of chapter 291E.

However, compliance with the Hawai'i Administrative Rules (HAR) Title 11, Chapter 114 is required to establish evidentiary foundation for admission of a breath alcohol test. Hsu, id.  Section 11-114-10 of the HAR specifies the requirements to be licensed to operate an intoxilyzer, including minimum standards for training which must be approved by the DUI coordinator.  Police Officer Jeffrey Bardon (Officer Bardon)

testified that he was licensed to operate the intoxilyzer. Exhibit 5, the "Sworn Statement of Intoxilyzer 8000 Operator" completed by Officer Bardon, states that Officer Bardon was trained, qualified, and certified to operate the Intoxilzer 8000, the machine used to test Okamoto, that he administered the breath test to Okamoto in compliance with his training and HAR Title 11 Chapter 114, and followed the procedures established for conducting the test. Exhibit 5 also states that the Intoxilyzer "indicated no errors or malfunctions during the testing of the arrestee and functioned in accordance with operating procedures." Officer Bardon testified to the specifics of the procedure he followed in administering the Intoxilyzer test.

The District Court took judicial notice that the "internal standards accuracy verification device" was approved by the State of Hawai'i, Department of Health, consistent with the certified letter on file with the court. "Chapter 114 expressly permits that an accuracy verification device may be an internal or integral part of the breath alcohol instrument." Hsu at *2. Officer Bardon testified that this internal standards test tests the accuracy of the instrument, is run every time the instrument is used, and if the instrument is operating properly, it is reflected with a "pass" indicated on the test record. We find no error in the District Court's admission of the Intoxilyzer results here.

(3) Okamoto contends that the State failed to show that Okamoto's arrest was lawful and, consequently, the result of her alcohol breath test should not have been admitted pursuant to HRS § 291E-11(b). Citing State v. Kim, 68 Haw. 286, 711 P.2d 1291 (1985), Okamoto contends that there was no reasonable suspicion that Okamoto committed a crime to justify ordering her out of her vehicle to perform field sobriety tests.

Okamoto's claim that the transcript shows that Okamoto was ordered out of her vehicle by Police Officer Tamamoto is not borne out by the record. The driver of the automobile Okamoto hit testified that Okamoto "got out of the car, and we looked at the car together." No witness testified that Okamoto was ordered out of her vehicle. Police Officer David Cavaco testified that

he "was in the area" in response to a question that assumed another officer had ordered Okamoto out of her vehicle; he did not testify that he witnessed the order-out. Since there was no evidence that Okamoto was ordered out of her vehicle, reasonable suspicion to order her out of her vehicle was not required to be shown. Kernan v. Tanaka, 75 Haw. 1, 36, 856 P.2d 1207, 1225 (1993).

Furthermore, Okamoto's argument that the testimony regarding the field sobriety tests was insufficient is without merit. The field sobriety tests were not used to provide probable cause to arrest Okamoto. Okamoto consented to a preliminary alcohol screening test when she was outside of her vehicle. The Preliminary Alcohol Screening Report by Police Officer Brenden Ogasawara, admitted in evidence as Exhibit 6, stated that Okamoto consented to the test, the test result was .150, observations were noted that she was "unsteady on feet, needed to hold on vehicle to stand. Strong smell of an alcoholic beverage emitting from breath," and that Okamoto failed the test. Failure of the test provided probable cause to arrest Okamoto for OVUII. Therefore, the District Court did not err by admitting the result of Okamoto's alcohol breath test because her arrest was lawful. HRS § 291E-11(b) (2007).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 31, 2012, in the District Court of the First Circuit, 'Ewa Division is affirmed.

DATED: Honolulu, Hawai'i, April 8, 2015.

On the briefs:

Marcus B. Sierra,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4